### Finger et al., etc., v. Finger

*Paul A. McGinley*, for plaintiffs.
*Morris L. Shafer*, for defendant.

HENNINGER, P. J., March 22, 1954.—This suit was instituted as above-captioned to set aside conveyances and transfers made by Irene A. Finger to her husband Paul E. Finger, at a time when, it is alleged, Irene A. Finger was incompetent. Mamie A. Dries, the mother of Irene A. Finger, was named her guardian ad litem by this court to conduct this action upon the petition of Mamie A. Dries that Irene A. Finger was incompetent and had a just complaint against her husband.

Defendant has filed a preliminary objection that under Pennsylvania Rule of Civil Procedure 2054(a) —made applicable to actions in equity by Pennsylvania Rule of Civil Procedure 1501—an action by an incompetent shall be entitled "A, an incompetent, by B, his guardian." Defendant would have us hold that only a guardian for the estate of an incompetent may bring an action on behalf of the incompetent. He cites comments from Anderson and from Goodrich-Amram which seem to bear out this contention.

When we study the entire chapter on Incompetents as Parties, however, it is obvious that the Supreme Court did not intend to abolish the device of guardian ad litem for the protection of the rights of incompetents.

The definition of "guardian" in Pa. R. C. P. no. 2051, while seeming to include only a guardian of the person or estate, independently of a given cause of action,, contains the proviso, "except where the context otherwise indicates." In determining what is context, Pa. R. C. P. 128(b) provides,

"In ascertaining the intention of the Supreme Court in the promulgation of a rule, the courts may be guided by the following presumptions, among others . . . (b) that the Supreme Court intends the entire rule or chapter of rules to be effective and certain."

Turning then to the chapter on Incompetents as Parties, we find Pa. R. C. P. 2053(a) provides:

"When an incompetent is a plaintiff he shall be represented by a guardian or by a *guardian ad litem* who shall supervise and control the conduct of the action in his behalf."

Pa. R. C. P. 2054(*b*) provides:

"The initial pleading filed in behalf of an incompetent plaintiff shall state the name and address of his guardian, *if any, the nature of his guardianship* and a reference to the record of his appointment."

Pa. R. C. P. 2055(*b*), 2056(*a*), (*b*), (*c*) and (*d*), 2060, 2062, 2063 and 2064(*b*) all refer to guardians ad litem. Pa. R. C. P. 2059 provides procedure for his appointment and Pa. R. C. P. 2064(*c*), providing for the appointment of a guardian of the estate to receive distribution of an award to an incompetent, indicates that a guardian ad litem may conduct a suit.

Clearly, then, the guardian ad litem, appointed by this court, had the right to conduct this suit; under rule 2061, "any competent person" may swear to the facts; and defendant does not deny the guardian's representation of her daughter's interests.

If defendant objects to the "wording" of the caption and not to the right of the guardian ad litem to sue, recourse must be had to Pa. R. C. P. 126, which enjoins liberal interpretation of the rules. We suppose that the guardian ad litem could have dubbed herself simply as "guardian" since she is a guardian of a permitted description, but the deviation from the prescribed caption, being more accurate than the one prescribed, is a pardonable departure from the literal wording of the rule.

Now, March 22, 1954, defendant's preliminary objection is dismissed and he is ordered to answer over on the merits within 20 days after service of this order upon his counsel.